INSURANCE LITIGATORS & COUNSELORS PLC
Attila Panczel (SBN 250799)
Joseph John Turri (SBN 181994)
445 North State Street
Ukiah, California 95482
Tel. (707) 462-6117
Fax. (707) 230-5525
insterminator@aol.com

Attorneys for Plaintiff Richard P. Parducci

[Additional Attorneys on Back Page]

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard P. Parducci, under a Power of Attorney, on behalf of and for Margarett Parducci and as Trustee of the JOHN A. PARDUCCI AND MARGARETT L. PARDUCCI SURVIVOR'S TRUST dated December 29, 1987,<br><br>                              Plaintiff,<br><br>       vs.<br><br>Overland Solutions, Inc., AMCO Insurance Company and Does 1-20,<br><br>                              Defendants. | CASE NO.:<br><br>Complaint for Declaratory Relief and for Damages; Unlawful, Unfair and Fraudulent Practices (Cal. Bus. & Prof. Code § 17200 *et seq.*); Breach of the Covenant of Good Faith and Fair Dealing pursuant to California Insurance Code § 785; Negligent Misrepresentation; Elder Abuse [Financial]; Breach of Contract; and Civil Conspiracy<br><br>Jury Trial Demanded |

        Plaintiff, Richard P. Parducci, under a Power of Attorney, on behalf of Margarett

Parducci and as Trustee of the JOHN A. PARDUCCI AND MARGARETT L. PARDUCCI

SURVIVOR'S TRUST Dated December 29, 1987, alleges as follows:

## GENERAL ALLEGATIONS
### The Parties

1.      John A. Parducci and Margarett L. Parducci, were initially the trustees of their revocable trust and handled their own affairs until sometime in 2008 at which time they appointed Richard P. Parducci, their grandson, as their agent to assist them with the administrative tasks pursuant to a power of attorney. The power of attorney provides that Richard Parducci may undertake and defend legal actions on behalf of the senior Parduccis. As time went on Richard Parducci assumed more duties until late in 2015 when he took over complete control and responsibility for the Parducci trust and Margarett's affairs after John had passed away in 2014.  Plaintiff, Richard P. Parducci (hereinafter "Parducci" and/or "Plaintiff") brings this action on behalf of Margarett Parducci under a power of attorney and as Trustee of the JOHN A. PARDUCCI AND MARGARETT L. PARDUCCI SURVIVOR'S TRUST dated December 29, 1987  (hereinafter "Trust").  Plaintiff was at all times mentioned herein a resident of Mendocino County in the State of California.

2.      Overland Solutions, Inc., (hereinafter "Overland" and/or "Defendant") is a corporation organized and existing under the laws of the State of Delaware with its primary corporate office located in Overland Park, Kansas.   Castle Inspection Service is a division of Defendant Overland and provides personal lines surveys, including replacement cost analysis and loss prevention assessments, on high value homes for AMCO and other insurers.

3.      Defendant, AMCO Insurance Company (hereinafter "AMCO" and/or "Defendant") is a corporation organized and domiciled in the State of Iowa and is licensed and authorized to engage in the business of insurance.  Defendant AMCO is authorized to do business under the laws and regulations of the State of California.

4.      Defendants, DOES 1 through 20, are sued herein under fictitious names as their true names and capacities are unknown to Plaintiff.  When the true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names herein.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and each proximately caused the senior Parduccis' damages. Furthermore, Plaintiff alleges that at all times herein mentioned each of the Defendants was the agent and/or employee/employer of each of the remaining Defendants, and in doing the things alleged was acting within the scope of such capacity and ratified each other's acts.

5.      The conduct, acts, omissions, and practices of the Defendants were, and/or are likely to, and did in fact deceive reasonable members of the public, including Plaintiffs and others similarly situated.

6.      Defendants' scheme was designed to hide their misconduct from Plaintiff and members of the putative class.  In fact, only in 2016, after consultation with an investigation by their attorneys, did Plaintiff discover the Defendants' fraudulent and unfair scheme.  Moreover, Plaintiffs could not have made an earlier discovery despite reasonable diligence because Defendants do not share any of the details surrounding their replacement cost valuation program with their customers.

**The Underlying Facts**

7.      At all times mentioned herein both John and Margarett Parducci were over the age of 65 and were entitled to all of the protections afforded under California Insurance Code § 785. In addition, the Parduccis were considered "elders" within the meaning of California

Welfare and Institutions Code § 15610.27 and, as elders, were entitled to all the protections and remedies afforded under these code sections.

8.    One of the assets contained in the Parducci Trust was the home in which John and Margarett Parducci resided. This home was located at 1396 Crane Road, Ukiah, CA 95482 in the County of Mendocino.

9.    Plaintiff is informed and believes that the senior Parduccis' residence has been insured with AMCO since at least 2008. The senior Parduccis, due to their advanced age and frailties, relied on AMCO and its agents to place the proper amount of insurance on their home and to ensure that they were not taken advantage of through the sale of uncollectable and/or useless and/or unnecessary insurance coverage.

10.    As part of his duties as Trustee of the Trust, Plaintiff requested from AMCO's agent, Mark Davis Insurance Agency, Inc., a 7-year history of the amount of insurance that was being carried on the senior Parduccis' residence, the premiums for the coverage on the structure, and an explanation of how the value for the replacement cost had been determined for each year that the property was insured. He made this request because it appeared to him that the replacement cost value placed on the residence for the then current year's policy resulted in the home being grossly over-insured.

11.    In response, only a limited amount of documentation and information was provided to Plaintiff and, as of this date, Plaintiff still cannot determine if in fact the limited number of documents that were provided are complete and accurate and cover the entire time period during which the Parducci home was over-insured.

12.    Upon review of the limited documents that were produced, it became readily apparent that the Parduccis' home had been over-insured for at least the past 6 years, resulting in

1  the payment of excessive premiums for coverage that the family would never be able to collect

2  upon should there be a loss.

3          13.    The original replacement value placed on the home by AMCO in 2010 (based on

4  a report by Overland Surveys) was $1,525,000.00.   AMCO has increased the value on the

5  residence through the years until finally, in policy year 2016-2017, the insured value reached

6  $1,766,900.00.   AMCO increased the replacement cost values on the residence each year all the

7  while representing to the Parduccis that the values they had assigned were accurate.   In actual

8  fact, those replacement cost figures were grossly inflated.

9          14.    In 2016 Plaintiff moved the Parducci' policies to a new AMCO agent in the

10  hopes of obtaining an accurate replacement valuation.   In early 2016, the new agent estimated

11  that the replacement value of the Parducci residence should be between $855,000 - $925,000,

12  depending on the value of certain of the fixtures. Various contractors and architects in the area

13  also confirmed that the Parducci residence could be replaced at between $140 and $170 per

14  square foot, bringing the total replacement cost for this approximately 6000 square foot home to

15  between $840,000 and $1,020,000.

16          15.    Plaintiff thereafter requested that the amount of coverage for the residence be

17  reduced to reflect a more realistic replacement cost value. The agent forwarded plaintiff's request

18  to AMCO but AMCO refused to change the replacement value under the policy and refused to

19  lower the coverage, claiming that the higher replacement cost as reflected in the existing policy

20  was correct, effectively leaving the Parduccis over-insured. Defendant claimed that the dwelling

21  coverage insurance limits issued by AMCO had been calculated based upon an accurate

22  replacement cost derived from their survey, appraisal or inspection methodology.

23

24

25

16.     Throughout the years, due to their advancing age and frailties, the senior Parduccis had relied on AMCO and its agents to treat them honestly, fairly and in good faith in placing the proper amount of insurance on their home. The Parduccis' reliance was both reasonable and justified as AMCO and its agents (with whom the senior Parduccis had had a long-term relationship) were licensed by the State of California to sell insurance and were bound both by California Insurance Code § 785 and by California Welfare and Institutions Code § 15610.27. As a result, when AMCO and its agents recommended the amount of insurance the Parduccis should purchase to properly protect their home, the Parduccis believed them. Furthermore, the Parduccis' reliance upon the Defendants representations concerning the replacement cost of their residence was further justified and reasonable in light of the extensive replacement cost reports furnished by Overland Solutions that purportedly supported the amounts that AMCO claimed were necessary to properly insure the residence. As a result, the Parduccis relied on AMCO and its agents to evaluate, secure and service the insurance policies that the Parduccis would need to properly protect them and their trust assets.

17.     Contrary to the representations made by AMCO based on Overland's reports, the actual replacement cost of the Parduccis' residence in early 2017 was approximately $766,900 less than what was represented by AMCO and its agents. This resulted in the Parduccis being over-insured by approximately 77% and also resulted in them paying premiums for coverage for which they could never collect.

## JURISDICTION AND VENUE

18.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1331 and 28 U.S.C. § 1332(d), because: (1) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," (2) the

action is pled as a class action involving more than 100 putative class members, and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant."

## CLASS ACTION ALLEGATIONS

19.    Plaintiff brings this case as a class action on behalf of those persons who were harmed by Defendants' (1) violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.), (2) breach of the covenant of good faith and fair dealing, (3) negligent misrepresentations and (4) Elder Abuse [Financial].  All the information necessary to determine the class members and the damages that those members have suffered are in Defendants' possession or control.

20.    The Class is defined as follows:

> All owners of a dwelling coverage insurance policy issued by AMCO Insurance Company that insured a dwelling in California on a replacement cost basis utilizing AMCO or its agent's survey, appraisal or inspection methodology to calculate the dwelling coverage limits.

21.    Plaintiff also seeks to represent a sub-class of persons defined as follows:

> All owners over the age of 65 of a dwelling coverage insurance policy issued by AMCO Insurance Company that insured a dwelling in California on a replacement cost basis utilizing AMCO or its agent's survey, appraisal or inspection methodology to calculate the dwelling coverage limits.

22.    Plaintiff also seeks to represent a sub-class of persons defined as follows:

> All owners of a dwelling coverage insurance policy issued by AMCO Insurance Company that insured a dwelling in California on a replacement cost basis utilizing a survey, appraisal or inspection by Overland Solutions, Inc. to calculate the dwelling coverage limits.

23.     Plaintiff excludes from the class and subclasses any person in bankruptcy or whose obligations have been discharged in bankruptcy, counsel of record, judicial officers, members of the judiciary, Defendants and their related persons, agents, employees, officers, and/or directors.  Plaintiff maintains the right to create additional subclasses or classes, if necessary, and to revise the class definition to maintain a cohesive class that does not require individual inquiry to determine liability.

### Common Questions of Law and Fact Predominate

24.     There are common questions of law and fact of general interest to the class. These common questions of law and fact predominate over questions affecting only individual members of the class. Included among the common questions are:

a.     Whether Defendants' business practices were unlawful;

b.     Whether Defendants' business practices were unfair;

c.     Whether Defendants' business practices were deceptive;

d.     Whether Defendants engaged in a widespread and systematic practice which led to Plaintiff and members of the putative class paying more for homeowner's insurance coverage;

e.     Whether an injunction is necessary to keep Defendants from continuing to engage in the wrongful conduct alleged herein;

f.     Whether Defendants' conduct as alleged herein is unconscionable;

g.     Whether Defendant AMCO breached its contract;

h.     Whether Defendants conspired to commit the wrongful acts alleged herein;

i.     Whether Defendants breached the covenant of good faith and fair dealing;

j.    Whether Defendants committed Elder Abuse [Financial];

k.    Whether Plaintiff and members of the putative class were damaged by Defendants' business practices;

l.    Whether the Defendants violated California Insurance Code § 330-332 (concealment);

m.    Whether the Defendants violated California Insurance Code § 350-361 (representations);

n.    Whether the Defendants violated California Insurance Code § 780;

o.    Whether the Defendants violated California Insurance Code § 785;

p.    Whether the Defendants violated California Insurance Code § 790, *et seq.*, specifically §§ 790.02 and 790.03; and

q.    Whether the Defendants have ceased to engage in the wrongful conduct alleged herein.

## **Typicality and Numerosity**

25.    The claims of the named Plaintiff are typical of the claims of the class. The total number of members of the putative class exceeds one hundred (100) members.

## **Adequate Representation**

26.    The named Plaintiff will fairly and adequately protect the interests of the members of the class and has no interest antagonistic to those of other class members. Plaintiff has retained class counsel who are competent to prosecute class actions and are financially able to represent the class.

1

2

**Superiority**

3      27.   The class action mechanism is superior to other available methods for the fair and

4  efficient adjudication of this litigation since individual joinder of all members of the class is

5  impracticable.   The class action mechanism provides the benefit of unitary adjudication,

6  economies of scale and comprehensive supervision by a single court. The interests of judicial

7  economy favor adjudicating the claims for Plaintiff and putative class members as a class rather

8  than for Plaintiff and putative class members on an individual basis.

9      28.   Defendants have acted on grounds applicable to the class as a whole, thereby

10  making appropriate final injunctive relief or corresponding declaratory relief with respect to the

11  class as a whole.

12                     **FIRST CAUSE OF ACTION**
                         **Declaratory Relief**
13           (**As to Defendants AMCO, Overland and Does 1-3**)

14      29.   Plaintiff adopts, re-alleges and incorporates herein each and every allegation in

15  the preceding paragraphs, as though fully set forth herein.

16      30.   Plaintiff has previously requested and again requests that Defendants correct the

17  replacement cost value on the policies at issue and refund the wrongfully charged premiums.

18      31.   The replacement cost value placed on the Parducci home by AMCO in 2010  and

19  based on a report produced by Overland Surveys was $1,525,000.00. AMCO increased the value

20  on the home throughout the years until finally, in policy year 2016-2017, the replacement cost

21  value reached $1,766,900.00. AMCO continuously increased these replacement cost values and

22  represented to the senior Parduccis that the replacement cost values they assigned were correct,

23  when in fact those replacement cost figures were grossly inflated and should have been reduced.

24  The excess premiums paid over the years should be returned with interest.

25

32.   Because the senior Parduccis were over 65 years of age at the time that Defendants' representations were made and pursuant to California Insurance Code § 785, AMCO and Overland were obligated to insure that the policies that were issued to the Parduccis contained the correct amount of coverage and premium for the senior Parduccis' residence.

33.   Defendants have refused to acknowledge their obligations to lower the coverage for the Parduccis' residence to reflect its actual replacement cost value and to return the excess premiums that have been wrongfully charged to the senior Parduccis over the years.

34.   An actual controversy has arisen and now exists between Plaintiff and Defendants concerning the replacement cost of the Parduccis' residence and the Defendants' obligation to accurately calculate the replacement cost of the Parduccis' residence from the date the company started doing business with the Parduccis and the return of the wrongfully collected premiums generated as a result of the grossly inflated replacement cost value that the Defendants wrongfully assigned to the Parduccis' home.

35.   Plaintiff desires and is entitled to a judicial declaration of plaintiff's rights and the rights of the members of the proposed class as to Defendants' obligations to accurately calculate the replacement cost of plaintiff's residence and those of the class and to return the wrongfully collected premiums to plaintiff and to members of the proposed class.

**SECOND CAUSE OF ACTION**
**Unlawful, Unfair and Fraudulent Business Practices**
**(Cal. Bus. & Prof. § 17200, et seq.)**
**(As to Defendants AMCO, Overland and Does 1-6)**

36.   Plaintiff adopts, re-alleges and incorporates herein each and every allegation in the preceding paragraphs, as though fully set forth herein.

37.   Plaintiff brings this claim individually, on behalf of the class and on behalf of the general public.

38.     By reason of the conduct and scheme described herein, Defendants have engaged in unlawful, deceptive and unfair business acts within the meaning of California Business and Professions Code § 17200, *et seq.*  Defendants' acts and practices offend an established public policy and Defendants have engaged in immoral, unethical, oppressive and unscrupulous activities that are substantially injurious to consumers, including Plaintiff and the class.

39.     The acts of unfair competition and unlawful business practices perpetrated by the Defendants and their agents, employees, subsidiaries and contractors include violations of California Civil Code Section 1572 (actual fraud), California Civil Code Section 1573 (constructive fraud), California Civil Code Section 1709 (deceit), California Civil Code Section 1711 (deceit to defraud public or class), California Insurance Code Section 780 (misrepresentations of benefits or privileges promised under the terms of the policy), California Insurance Code Section 785, et seq.  (and specifically §§ 790.02 and 790.03) (senior insurance), California Insurance Code Sections 330 - 332 (concealment), California Insurance Code Sections 350-361 (representations) and other portions of the California Insurance Code and related regulations and rules.  Such acts include, but are not limited to:

    a.  issuing a policy of insurance for greater than the replacement cost of the dwelling;

    b.  misrepresenting that the dwelling coverage limits were inflated;

    c.  making statements that were known, or should have been known, to be a misrepresentation to a policyholder by an insurer for the purpose of inducing the sale of an insurance policy;

    d.  omitting the truth and, specifically, the true reasons for the value of the dwelling coverage limits;

e.   engaging in unfair or deceptive acts or practices in the business of insurance.

40.    On information and belief, Defendants and each of them failed to provide proper dwelling coverage limits or replacement cost values, as required under the policy, under the California Insurance Code and under other applicable governmental statutes and codes.

41.    Upon information and belief, Defendants' wrongful conduct in violation of § 17200, *et seq.* is ongoing and continues to this date.

42.    There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

43.    The Defendants treated the Plaintiff and members of the proposed Class unfairly.

44.    Defendants' actions, claims, nondisclosures and misleading statements, as alleged in this Complaint, were both likely to deceive Plaintiff and the public and were intended to deceive Plaintiff and members of the public.  Plaintiff and class members have in fact been deceived and have relied on Defendants' representations and omissions. This reliance has caused harm to Plaintiff and class members. Plaintiff and class members have suffered injury in fact, have been disadvantaged and have lost money as a result of Defendants' unlawful, unfair, and deceptive practices.

45.    As a result of their unfairness and deception, Defendants have been able to reap unjust revenue and profit.  Restitution is, therefore, appropriate and the Plaintiff asks that this Court order restitution.  Further, unless restrained and enjoined, Defendants will continue to engage in the above-described conduct.  Accordingly, injunctive relief is appropriate.

46.    Plaintiff is informed and believes and thereupon alleges that in committing these acts, Defendants have acted intentionally, oppressively, maliciously, fraudulently, unlawfully and unfairly with a conscious disregard of the Parduccis' rights, with the intent of benefiting

1  themselves financially and with the intent of causing, or recklessly disregarding the probability

2  of causing, injury to the Parduccis.  In so acting, Defendants intended to and did vex, annoy,

3  injure, oppress and harass the senior Parduccis.  As a result of this such conduct, the Parduccis

4  and members of the proposed class demand restitution and injunctive relief against Defendants,

5  including but not limited to requiring full and accurate disclosure of all material facts to all

6  individuals and entities affected by the Defendants' acts or omissions, and such other relief that

7  this Court deems just and proper.

8      47.    Plaintiff reserves the right to allege other violations, which constitute unfair

9  business acts and practices.  Upon information and belief, the Defendants' wrongful conduct in

10  violation of § 17200, et seq., is ongoing and continues to this date.

11

12                          **THIRD CAUSE OF ACTION**
13              **Breach of the Covenant of Good Faith & Fair Dealing**
                        **(As to Defendant AMCO and Does 1-9)**
14

15      48.    Plaintiff adopts, re-alleges and incorporates herein each and every allegation in

16  the preceding paragraphs, as though fully set forth herein.

17      49.    Plaintiff is informed and believes and thereupon alleges that Defendants have

18  breached the implied covenant of good faith and fair dealing owed to Plaintiff under the policies

19  referred to above and pursuant to California Insurance Code § 785 which states: "***All insurers***,

20  brokers, agents ***and others*** engaged in the transaction of insurance owe a prospective insured

21  who is age 65 years or older, a duty of honesty, good faith and fair dealing. This duty is in

22  addition to any other duty, whether express or implied, that may exist."

23      50.    The Defendants breached these duties owed to the Parduccis by engaging in the

24  following acts, among others:

25

a.      Refusing to acknowledge that they have a duty to the senior Parduccis to perform an accurate calculation of the replacement cost value of their residence and, instead, utilizing a replacement cost analysis that they knew was wrong and in conflict with AMCO'S in-house system.

b.      Failing to conduct a reasonable inquiry concerning the accuracy of the replacement cost estimate for the senior Parduccis' residence after being put on notice of their error.

c.      Failing to give the senior Parduccis' interests at least as much consideration as their own by misrepresenting the amount of coverage needed to cover the replacement cost of the Parduccis' residence and by collecting excessive premiums from these seniors for insurance coverage that they could never collect upon.

d.      Failing to provide a reasonable explanation of the basis for their calculation of replacement cost and their subsequent refusal to lower the value placed on the residence so as to reflect an accurate replacement cost and thereby lower the premiums for the senior Parduccis.

e.      Compelling Plaintiff to institute litigation to recover the excess premiums that Defendants have charged due to their wrongful conduct.

51.     As a proximate result of Defendants' wrongful conduct, the senior Parduccis have suffered actual and consequential damages, out-of-pocket costs and other foreseeable economic losses, all of which have damaged them in an amount that will be proved at trial.

52.     Plaintiff is entitled to recover any and all attorney fees, costs and expenses reasonably incurred during the course of his efforts to obtain reimbursement of the premiums that have been wrongfully collected in bad faith by the Defendants.

53.     Defendants have acted intentionally, oppressively, maliciously, fraudulently, and with a conscious disregard of the senior Parduccis' rights and the rights of all members of the proposed class, in order to benefit themselves financially and with the intent of causing, or recklessly disregarding the probability of causing, injury to the senior Parduccis.  In so acting, Defendants intended to and did vex, annoy, injure, oppress and harass the senior Parduccis.  As a result of such conduct, the Parduccis and members of the proposed class are entitled to exemplary and punitive damages.

## FOURTH CAUSE OF ACTION
### Negligent Misrepresentation
### (As to Defendants AMCO, Overland and Does 1-12)

54.     Plaintiff adopts, re-alleges and incorporates herein each and every allegation in the preceding paragraphs, as though fully set forth herein.

55.     At policy renewal in October 2015 and again in October 2016, Defendants represented to the senior Parduccis that "[y]ou are encouraged to obtain a current estimate of the cost to rebuild your home from your insurance agent, broker, or insurance company. . ."  Plaintiff earlier had received replacement cost estimates from AMCO generated by AMCO's agent Overland.

56.    For example, in 2010 Defendants represented to the senior Parduccis that they had performed an inspection of the Parducci residence and determined that, based on a report by Overland, the true replacement cost of their residence in 2010 was $1,525,000.00. Thereafter AMCO increased the replacement value on the residence through the years until finally, in policy year 2016-2017, the quoted replacement value reached $1,766,900.00.  As AMCO increased the replacement cost values over the years they also continually represented to the Parduccis that the values were correct and the premiums for these values were fair and necessary in order to properly protect their home.

57.    In actual fact, however, those replacement cost figures were grossly inflated and should have been significantly reduced.  As a result, the premiums paid by Plaintiff over the years were significantly inflated and premiums were paid for coverage limits that could have never been collected upon.

58.    Section 785 of the California Insurance Code states that: "All insurers, brokers, agents and others engaged in the transaction of insurance owe a prospective insured who is age 65 years or older, a duty of honesty, good faith and fair dealing."  Notwithstanding this directive, by misrepresenting and mischaracterizing the accuracy of their replacement cost coverages, Defendants have engaged in a course of conduct that has improperly imposed inflated replacement cost coverages on the Parduccis and on the members of the class,

59.    Defendants intended that the senior Parduccis and members of the class rely upon Defendants' misrepresentations in order to induce the Parduccis and members of the class to purchase insurance coverage in an amount that Defendants falsely represented would accurately reflect the actual replacement cost of each customer's dwelling when in fact the Defendants knew that these amounts were inflated and that neither the senior Parduccis nor any member of

the class would or could ever actually be reimbursed these sums in the event that a claim was made. Defendants also knew or should have known that their representations as to replacement costs were in fact false in as much as their own replacement cost calculators, had they been correctly employed, would have revealed their miscalculations.

60.    The senior Parduccis reasonably relied on Defendants' representations because of their long-term relationship with AMCO and because they were constantly reassured by Defendants that their policies provided them with the proper coverage. Furthermore, Defendants were statutorily obligated to service the senior Parduccis' insurance policies in such a manner as to assure that they remained in the correct and proper form. Because of Defendants' long-term relationship with the senior Parduccis, the Parduccis had no reason to suspect that their insurance policy was not in order and reasonably relied on all of Defendant's numerous assurances to provide the necessary and correct amount of insurance to adequately protect their home and to insure they were being treated honestly, fairly and in good faith and not being charged premiums for coverage upon which they could never collect. Had the senior Parduccis known that they were paying premiums for coverage that they would never collect they would not have purchased the inflated coverage from the Defendants and would have saved thousands of dollars in insurance premiums.

61.    As a result of the misrepresentations made by Defendants, the senior Parduccis were damaged when AMCO inflated their homeowner's coverage and wrongfully took premiums from these seniors for coverage for which they could never collect because their home was grossly over-insured.

62.    Furthermore, this breach is the legal and proximate cause of the actual and consequential damages suffered by the senior Parduccis and members of the proposed class,

including, but not limited to, attorneys' fees, costs and expenses, incurred in connection with the recapture of the excess premiums and other foreseeable economical losses, all in a sum exceeding $25,000.00 to be shown by proof at trial.

**FIFTH CAUSE OF ACTION**
**Elder Abuse, Financial**
**(As to Defendants AMCO, Overland and Does 1-15)**

63.    Plaintiff adopts, re-alleges and incorporates herein each and every allegation in the preceding paragraphs, as though fully set forth herein.

64.    At all times herein mentioned the senior Parduccis, were sixty-five years of age and considered "Elders" within the meaning of the California Welfare and Institutions Code Section 15610.27.

65.    Furthermore, Defendants owed them a special duty due to their relationship, as defined by California Insurance Code Section 785, to refrain from misrepresenting the terms and benefits of their insurance policy and to refrain from charging premiums for coverage for insurance policies on which the Parduccis could never collect because their home was grossly over-insured.

66.    Plaintiff is informed and believes and thereupon alleges that Defendants have committed "financial abuse of an elder" within the meaning of the California Welfare and Institutions Code § 15610.30, subdivision (a), by "taking, secreting, appropriating, or retaining the personal property of an elder for a wrongful use or with intent to defraud, or both".

67.    Plaintiff is informed and believes and thereupon alleges that pursuant to California Welfare and Institutions Code § 15610.30(b), a person or entity shall be deemed to have taken, secreted, appropriated, or retained property for a wrongful use if, among other

things, the person or entity takes, secretes, appropriates or retains possession of property in bad faith.

68.     Plaintiff is informed and believes and thereupon alleges that, in addition to other damages, Plaintiff is entitled to recover his reasonable attorney fees and costs pursuant to California Welfare and Institutions Code § 15657.5, subdivision (a).

69.     Plaintiff is informed and believes and thereupon alleges that in committing these acts, Defendants have acted oppressively, maliciously and fraudulently, with a conscious disregard of the senior Parduccis' rights and the rights of the members of the proposed class, with the intent of benefiting themselves financially and with the intention of causing, or recklessly disregarding the probability of causing, injury to the senior Parduccis and members of the proposed class. In so acting, Defendants intended to and did vex, annoy, injure and harass the senior Parduccis and members of the proposed class. As a result of such conduct, the senior Parduccis and members of the proposed class are entitled to exemplary and punitive damages as well as damages pursuant to California Civil Code § 3345.

## SIXTH CAUSE OF ACTION
### Civil Conspiracy
### (As to Defendants AMCO, Overland and Does 1-18)

70.     Plaintiff adopts, re-alleges and incorporates herein each and every allegation in the preceding paragraphs, as though fully set forth herein.

71.     Defendants AMCO, Overland Surveys and Does 1-18, are parties to a civil conspiracy.

72.     Defendants conspired to violate Cal. Bus. & Prof. Code § 17200, *et seq.* and to engage in the other unlawful, unfair and deceptive acts outlined above.

73.    Defendants owed a duty to Plaintiff and to members of the proposed class to protect them from breach of the covenant of good faith and fair dealing.

74.    Defendants owed a duty to Plaintiff and members of the proposed class to deal with them fairly and not to take advantage of their advanced age.

75.    Defendants committed overt acts in furtherance of their conspiracy.

76.    Defendants' conspiracy and their overt acts caused Plaintiff and members of the proposed class to suffer damages.

77.    Plaintiff is informed and believes and thereupon alleges that in committing these acts, Defendants have acted oppressively, maliciously and fraudulently, with a conscious disregard of the senior Parduccis' rights and the rights of the members of the proposed class, with the intent of benefiting themselves financially and with the intention of causing, or recklessly disregarding the probability of causing, injury to the senior Parduccis and to members of the proposed class.  In so acting, Defendants intended to and did vex, annoy, injure and harass the senior Parduccis and members of the proposed class.  As a result of such conduct, the senior Parduccis and members of the proposed class are entitled to exemplary and punitive damages.

WHEREFORE, Plaintiff, prays for judgment against Defendants as follows:

## AS TO THE FIRST CAUSE OF ACTION
### (Declaratory Relief)

For a declaration that AMCO and the other Defendants miscalculated the replacement cost for the senior Parduccis' residence which resulted in them being grossly over-insured and in the payment of excessive premiums for coverage they could never collect and as a result the senior Parduccis are entitled to a refund of all the excessive premiums they paid for the useless coverage.

**AS TO THE SECOND CAUSE OF ACTION**
**(Unlawful, Unfair and Fraudulent Business Practices)**

1.     For restitution in an amount subject to proof;

2.     For injunctive relief; and,

3.     For reasonable attorneys' fees, costs and expenses incurred by Plaintiff.

**AS TO THE THIRD CAUSE OF ACTION**
**(Breach of the Covenant of Good Faith & Fair Dealing)**

1.     For actual damages in an amount subject to proof;

2.     For consequential damages in an amount subject to proof;

3.     For exemplary and punitive damages in an amount appropriate to punish Defendants and set an example for others; and,

4.     For reasonable attorneys' fees, costs and expenses incurred by Plaintiff in his efforts to obtain policy benefits wrongfully withheld by the Defendants.

**AS TO THE FOURTH CAUSE OF ACTION**
**(Negligent Misrepresentation)**

1.     For actual damages in an amount subject to proof;

2.     For consequential damages in an amount subject to proof.

3.     For exemplary and punitive damages in an amount appropriate to punish, deter, and set an example for others.

**AS TO THE FIFTH CAUSE OF ACTION**
**(Elder Abuse, Financial)**

1.  For actual damages in an amount subject to proof;

2.  For consequential damages in an amount subject to proof;

3.  For general damages in an amount subject to proof;

4.  For attorney fees;

5.  For exemplary and punitive damages in an amount appropriate to punish, deter, and set an example for others;

6. Damages pursuant to California Civil Code § 3345.

## AS TO THE SIXTH CAUSE OF ACTION
### (Civil Conspiracy)

1. For actual damages in an amount subject to proof;

2. For consequential damages in an amount subject to proof;

3. For general damages in an amount subject to proof;

4. For attorney fees;

5. For exemplary and punitive damages in an amount appropriate to punish, deter, and set an example for others.

## AS TO ALL CAUSES OF ACTION:

1. For reasonable attorney fees and expenses incurred herein;

2. For costs of suit incurred herein;

3. For prejudgment and post-judgment interest; and

4. For such other and further relief as the Court deems just and proper.


Dated:  November 20, 2017.


s/Joseph John Turri/
JOSEPH JOHN TURRI
Attorney for Plaintiff

ADDITIONAL COUNSEL:              MCCALLUM, METHVIN & TERRELL, P.C.
                                 ROBERT G. METHVIN, JR.
                                 rgm@mmlaw.net
                                 JAMES M. TERRELL
                                 jterrell@mmlaw.net
                                 P. MICHAEL YANCEY
                                 myancey@mmlaw.net
                                 The Highland Building
                                 2201 Arlington Avenue South
                                 Birmingham, Alabama 35205
                                 Tel: (205) 939-0199

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

LAW OFFICES OF LAWRENCE G. PAPALE
LAWRENCE G. PAPALE
lgpapale@papalelaw.com
The Cornerstone Building
1308 Main Street, Suite 117
Saint Helena, CA 94574
Tel: (707) 963-1704